Opinion concurring in part and dissenting in part filed by Circuit Judge NEWMAN.
*1360 MOORE, Circuit Judge.
Appellants Marcel Van Os and other inventors at Apple Inc. (collectively, “Van Os”) appeal from a decision of the Patent Trial and Appeal Board (“Board”) affirming the examiner’s rejection of claims 38-41 of U.S. Patent Application No. 12/364,-470 (“the ’470 application”). For the reasons discussed below, we vacate and remand.
BACKGROUND
The ’470 application is directed to a touchscreen interface in a portable electronic device that allows a user to rearrange icons. Claims 38 and 40, the only independent claims at issue, both recite the initiation of an “interface reconfiguration mode” to permit icon rearrangement. Claim 38 distinguishes among a “first user touch” to open an application, a longer “second user touch” to initiate the interface reconfiguration mode, and a “subsequent user movement” to move an icon. Claim 40 does not recite a touch to open an application, but recites that its “first user touch of at least an established duration” initiates the interface reconfiguration mode and allows movement of an icon “in the absence of a further user input.”
The Board reversed the examiner’s rejection of twenty-nine claims but affirmed that claims 38-41 would have been obvious over U.S. Patent No. 7,231,229 (“Hawkins”) and U.S. Pub. No. 02/0191059 (“Gillespie”). Hawkins discloses a personal communication device with a touch-sensitive screen. It teaches that an “Edit Favorites Button” can be selected from a menu or keyboard command for “performing button 701 configuration and/or editing,” and that “a - user can rearrange buttons 701 by dragging button 701 from one location to another.... ” Gillespie discloses an interface on a computer touch pad with an unactivated and activated state. It discloses that in the activated state, icons are functional and can be removed or rearranged. It teaches that an individual icon could be “activated” by various means, such as touching an icon with multiple fingers or with rapid double taps, hovering the finger over an icon without touching the touch screen, or holding the finger on an icon for a sustained duration, whereas “single taps near an icon could be interpreted as normal mouse clicks.”
The examiner found Hawkins discloses each limitation of claim 38, but “does not explicitly disclose that , the interface reconfiguration mode is initiated by a user touch of a longer duration than a user touch of a first duration used to initiate, an application corresponding to an icon.” J.A. 2063-64. To satisfy this limitation, the examiner relied. on Gillespie’s disclosure of a sustained touch and reasoned adding this feature to Hawkins “would be an intuitive way for users of Hawkins’ device to enter into the editing mode.” J.A. 2064. He found claim 40 to be “substantially the same” and rejected it on the same basis. Id.
The Board incorporated the examiner’s analysis and concluded the examiner did not err in holding that claims 38 and 40, and dependent claims 39 and 41, would have been obvious over a combination of Hawkins and Gillespie. Van Os timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).
Disoussion
We review the Board’s factual determinations' for substantial evidence and its legal determinations de novo. Belden Inc. v. Berk-Tek LLC, 805 F.3d 1064, 1073 (Fed. Cir. 2015). Obviousness is a question of law based on subsidiary findings of fact. Id. Whether a person of ordinary skill in the art would have been motivated to modify or combine prior art is a question of fact. Id.
*1361 The Board’s conclusion that claims 38-41 of the ’470 application would have been obvious hinges on its finding that a person of .ordinary skill in the art would have been motivated to modify Hawkins’ initiation of an editing mode via menu selection or keyboard command with Gillespie’s disclosure of a sustained touch, “holding the finger steady over an icon for a given duration” to “activate” an icon. Specifically, the Board found, without further discussion, that the combination of Gillespie with Hawkins would have been “intuitive.”
In KSR, the Supreme Court criticized “[r]igid preventative rules that deny fact-finders recourse to common sense” when determining whether there would have been a motivation to combine prior art. KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 421, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). The proper approach, as explained in KSR, credits the common sense and creativity of a skilled artisan to assess whether there would have been a motivation to combine elements from prior art references in the manner claimed. Id. at 418-21, 127 S.Ct. 1727. But the flexibility afforded by KSR did not extinguish the factfinder’s obligation to provide reasoned analysis. Instead, KSR specifically instructs that when determining whether there would have been a motivation to combine, the “analysis should be made explicit.” Id. at 418, 127 S.Ct. 1727.
Since KSR, we have repeatedly explained that obviousness findings “grounded in ‘common sense’ must contain explicit and clear reasoning providing some rational underpinning why common sense compels a finding of obviousness.” Plantronics, Inc. v. Aliph, Inc., 724 F.3d 1343, 1354 (Fed. Cir. 2013) (citation omitted); see also Arendi S.A.R.L. v. Apple Inc., 832 F.3d 1355, 1362 (Fed. Cir. 2016) (“[References to ‘common sense’ ... cannot be used as a wholesale substitute for reasoned analysis and evidentiary support....”); Randall Mfg. v. Rea, 733 F.3d 1355, 1362 (Fed. Cir. 2013) (“In recognizing, the role of common knowledge and common sense, we have emphasized the importance of a factual foundation to support a party’s claim about what one of ordinary skill in the relevant art would have known.”); Mintz v. Dietz & Watson, 679 F.3d 1372, 1377 (Fed. Cir. 2012) (“The mere recitation of the words ‘common sense’ without any support adds nothing to the obviousness question.”); Perfect Web Techs. Inc. v. InfoUSA Inc., 587 F.3d 1324, 1330 (Fed. Cir. 2009) (“[T]o invoke ‘common sense’ or any other basis for extrapolating from prior art to a conclusion of obviousness, [the factfinder] must articulate its reasoning with sufficient clarity for review.”). Even before KSR, we explained that while the Board may rely on common sense, it must “exr plain why ‘common sense’ of an ordinary artisan seeking to solve the problem at hand would have led him to combine the references.” DyStar Textilfarben GmbH & Co. v. C.H. Patrick Co., 464 F.3d 1356, 1366-67 (Fed. Cir. 2006).
Absent some articulated rationale, a finding that a combination of prior art would have been “common sense” or “intuitive” is no different than merely stating the combination “would have been obvious.” Such a conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine. This type of finding, without more, tracks the ex post reasoning KSR warned of and fails to identify any actual reason why a skilled artisan would have combined the elements in the manner claimed. See 550 U.S. at 418, 421, 127 S.Ct. 1727.
Here, neither the Board nor the examiner provided any reasoning or analysis to support finding a motivation to add Gillespie’s disclosure to Hawkins beyond stating *1362 it would have been an “intuitive way5’ to initiate Hawkins’ editing mode. The Board did not explain why modifying Hawkins with the specific disclosure in Gillespie would have been “intuitive” or otherwise identify a motivation to combine. “The agency tribunal must make findings of relevant facts, and present its reasoning in sufficient detail that the court may conduct meaningful review of the agency action.” In re Lee, 277 F.3d 1338, 1346 (Fed. Cir. 2002) (vacating the Board’s obviousness determination and remanding for the Board to “set forth the findings and explanations needed for ‘reasoned decisionmak-ing’ ”); see also Power Integrations, Inc. v. Lee, 797 F.3d 1318, 1327 (Fed. Cir. 2015) (vacating the Board’s anticipation determination and instructing the Board on remand to “set[ ] out its reasoning in sufficient detail to permit meaningful appellate review”); In re NuVasive, 842 F.3d 1376, 1384 (Fed. Cir. 2016) (vacating the Board’s decision and remanding “for additional explanation of the PTAB’s -findings”). As in In re Lee, Power Integrations, and NuVasive, when the Board’s action is “potentially lawful but insufficiently or inappropriately explained,” we have consistently vacated and remanded for further proceedings. See In re Lee, 277 F.3d at 1346 (internal quotation marks and citations omitted). For these reasons, the Board’s holding that claims 38-41 of the ’470 application would have been obvious is vacated and remanded.
VACATED AND REMANDED
Costs
Costs to Appellants.