NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE: DANIEL JOSEPH DEVLIN, IV, KEVIN P. EATON,
*Appellants*

---

2020-1351

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/078,167.

---

Decided: November 3, 2020

---

CASEY GRIFFITH, Griffith Barbee PLLC, Dallas, TX, for appellants.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu. Also represented by MARY L. KELLY, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

MOORE*, Circuit Judge.*

Daniel Joseph Devlin, IV, and Kevin P. Eaton (collectively, Devlin) appeal from a decision of the Patent Trial

and Appeal Board affirming an examiner's rejection of claims 1–4 of U.S. Patent Application No. 15/078,167. For the reasons discussed below, we *affirm*.

BACKGROUND

The '167 application claims a method of treating psoriasis by administering a multiple-vitamin supplement composition that is "essentially free of anti-oxidants." Representative claim 1 of the '167 application recites:

> A method of treating psoriasis by administering to a person a vitamin supplement composition comprising at least about 25 micrograms to about 2,200 micrograms of folic acid, at least about 25 micrograms to about 2,500 micrograms of vitamin B12, and at least about 0.5 milligrams to about 20 milligrams of vitamin B6, wherein said composition is essentially free of anti-oxidants.

The examiner rejected claims 1–4 of the '167 application as obvious over Serfontein (EP 0 595 005).[1] The examiner found that, while Serfontein discloses compositions that "optionally" or "preferably" include antioxidants, Serfontein also explicitly teaches examples of compositions comprising vitamin B6, vitamin B12, and folate without any antioxidants. J.A. 340–41. The examiner therefore found that Serfontein teaches the "essentially free of anti-oxidants" limitation and determined that it would have

---

[1]    The examiner also rejected claims 1–4 over Herbert (U.S. Patent No. 5,932,624), Serfontein, Popp (U.S. Pregrant Publication No. 2002/0132800), and Meredith (U.S. Patent No. 7,115,286); and claims 1 and 2 over Allen (U.S. Patent No. 5,563,126), Serfontein, Popp, and Meredith. The Board affirmed those rejections. Because we affirm the Board's holding that claims 1–4 would have been obvious over Serfontein alone, we do not reach the Board's affirmance of the remaining rejections.

been obvious to treat psoriatic patients with the claimed composition based on Serfontein. Devlin appealed to the Board, which adopted the examiner's fact findings and affirmed the examiner's rejections. Devlin appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual determinations for substantial evidence and its legal determinations de novo. *In re Van Os*, 844 F.3d 1359, 1360 (Fed. Cir. 2017). Obviousness is a legal determination based on subsidiary fact findings such as the scope and content of the prior art and whether a reference teaches away from a claimed combination. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1358–60 (Fed. Cir. 2017).

Devlin argues that substantial evidence does not support the Board's finding that Serfontein teaches the "essentially free of anti-oxidants" limitation. We do not agree. What the prior art discloses is a question of fact which we review for substantial evidence. *In re Urbanski*, 809 F.3d 1237, 1241 (Fed. Cir. 2016). The Board found that claim 1 of Serfontein, which claims a composition comprising vitamin B6, vitamin B12, and folic acid without antioxidants, discloses an antioxidant-free composition. J.A. 5, 9, 11–12. Devlin does not dispute that this claim recites the same components as claim 1 of the '167 application. Devlin argues, however, that because claim 1 of Serfontein does not mention antioxidants it nonetheless teaches a composition which includes antioxidants because Serfontein's Examples 4 and 8 contain pyridoxal, a form of vitamin B6, which Serfontein states has "antioxidant (anti-free radical) activity" and "serves a variety of purposes . . . including that of an anti-oxidant." This contention is unavailing.

First, because Devlin's claim 1 requires vitamin B6 and also requires the composition be "essentially free of antioxidants," vitamin B6 present in the claimed amount cannot itself be an antioxidant precluded by the claim. Second,

in response to an examiner's indefiniteness rejection, Devlin argued that, even if Serfontein and other references establish that vitamin B12, vitamin B6, and folic acid are called or generally considered antioxidants, "[i]t is quite clear that as used in [Devlin's] claims, folic acid, vitamin B12 and *vitamin B6 are not anti-oxidants*." J.A. 64–65, 100–01 (emphasis added); *see also* J.A. 101 n.2 (Devlin arguing that "folic acid, vitamin B12 and vitamin B6 are not considered to be anti-oxidants."). The examiner withdrew the indefiniteness rejection, explaining he would "constru[e] the claims as including folic acid, vitamin B6, and vitamin B12 in the amounts claimed but that those amounts are within the scope of 'essentially free of antioxidants.'" J.A. 110. Devlin's arguments that vitamin B6 is not an antioxidant "inform the meaning of the claim language by demonstrating how [he] understood the invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Therefore, Serfontein's statements characterizing pyridoxal (vitamin B6) as having "anti-oxidant [] activity" or that it "serves . . . [as] an anti-oxidant" do not make pyridoxal an antioxidant within the meaning of Devlin's claim term "essentially free of anti-oxidants." We conclude that the Board's fact findings regarding what Serfontein discloses are supported by substantial evidence.

Devlin also argues that substantial evidence does not support the Board's finding that Serfontein does not teach away from antioxidant-free compositions because Serfontein "preferably" includes antioxidants in the disclosed compositions and discloses increased efficacy with antioxidants. But Serfontein's "preferred" or "optional" inclusion of antioxidants is an alternative teaching, not a requirement to include antioxidants. Accordingly, we hold substantial evidence supports the Board's finding that Serfontein discloses a composition "essentially free of anti-oxidants."

CONCLUSION

We have considered the parties' remaining arguments and do not find them persuasive. Because substantial evidence supports the Board's findings underlying its obviousness determination for the Serfontein rejection, we *affirm*. We do not reach the Board's affirmance of the examiner's other rejections.

**AFFIRMED**