NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEYNETIK, INC.,**
*Appellant*

**v.**

**SAMSUNG ELECTRONICS CO., LTD.,**
*Appellee*

---

2022-1127

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00986.

---

Decided: February 15, 2023

---

EDWARD F. BEHM, Armstrong Teasdale, LLP, Philadelphia, PA, argued for appellant. Also represented by MARK W. HALDERMAN.

CHETAN BANSAL, Paul Hastings LLP, Washington, DC, argued for appellee. Also represented by STEPHEN BLAKE KINNAIRD, NAVEEN MODI, JOSEPH PALYS.

---

Before MOORE, *Chief Judge*, DYK and PROST, *Circuit Judges*.

MOORE, *Chief Judge*.

KEYnetik, Inc. appeals an *inter partes* review final written decision holding claims 4, 7, 15, and 18 of U.S. Patent No. 8,370,106 would have been obvious. For the following reasons, we affirm.

## BACKGROUND

KEYnetik is the assignee of the '106 patent, which is directed to detecting motion, "such as movement and rest" and "orientation towards gravity from a rest position." '106 patent, 1:61–67. Motion detection can be implemented in hand-held devices, such as mobile phones, so the device's operations (e.g., answering a call) can be executed based on a user's gestures (e.g., the user moving the phone to his ear). *Id.* at 6:56–7:30.

Samsung Electronics Co. petitioned for *inter partes* review of claims 1–20 of the '106 patent, arguing the claims would have been obvious. Relevant here, Samsung asserted claims 4, 7, 15, and 18 would have been obvious in view of Linjama,[1] Lehrma,[2] and Tosaki.[3] The Board agreed and held all claims unpatentable. KEYnetik appealed, and we affirmed as to claims 1–3, 5–6, 8–14, 16–17, and 19–20. *KEYnetik, Inc. v. Samsung Elecs. Co.*, 841 F. App'x 219, 220 (Fed. Cir. 2021). As to claims 4, 7, 15, and 18, we vacated and remanded for the Board to make a finding of reasonable expectation of success. *Id.* at 228.

On remand, the Board found a skilled artisan would have had a reasonable expectation of success in combining the references. The Board based its finding on the

---

[1]    U.S. Pat. App. No. 2008/0229255.
[2]    U.S. Pat. No. 6,703,939.
[3]    U.S. Pat. No. 6,312,335.

testimony of Samsung's expert, Dr. Abowd.  KEYnetik appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Obviousness is a question of law based on underlying factual findings.  *In re Giannelli*, 739 F.3d 1375, 1378 (Fed. Cir. 2014) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966)).  Whether there is a reasonable expectation of success is a question of fact.  *Teva Pharms. USA v. Corcept Therapeutics, Inc.*, 18 F.4th 1377, 1380–81 (Fed. Cir. 2021).  We review the Board's legal conclusions de novo and any underlying findings of fact for substantial evidence.  *In re Van Os*, 844 F.3d 1359, 1360 (Fed. Cir. 2017).  "Substantial evidence requires the reviewing court to ask whether a reasonable person might find that the evidentiary record supports the agency's conclusion." *In re Sullivan*, 498 F.3d 1345, 1350 (Fed. Cir. 2007) (citation omitted).

KEYnetik argues substantial evidence does not support the Board's finding of a reasonable expectation of success because it is based solely on conclusory expert testimony.  We do not agree.

Dr. Abowd's testimony, while brief, was not conclusory.  Dr. Abowd testified the software modifications needed to combine the prior art references would be "straightforward" and "simple" for a skilled artisan.  J.A. 812 ¶ 154.  He also described the function those modifications would need to achieve, stating the gesture detector would be modified "such that the orientation of mobile terminal 10 [would] only [be] detected when the mobile terminal [was] substantially stationary." *Id.*

KEYnetik criticizes this testimony for not identifying specific software modifications a skilled artisan would need to make, how he would make them, and why he would have expected them to be successful.  This criticism ignores that Dr. Abowd described the specific function the software

4          KEYNETIK, INC. v. SAMSUNG ELECTRONICS CO., LTD.

modifications would need to achieve. Normally, once the function to be performed by software has been identified, writing code to achieve that function is within the skill of the art. *Fonar Corp. v. Gen. Elec. Co.*, 107 F.3d 1543, 1549 (Fed. Cir. 1997). Dr. Abowd's testimony detailing the modified function of the code and that implementing such a modification would be "simple" and "straightforward" was sufficient to establish a reasonable expectation of success. KEYnetik has cited no evidence to the contrary. Instead, before the Board and on appeal, it offers only attorney argument alleging Dr. Abowd's testimony is inadequate. But attorney argument is no substitute for evidence. While Dr. Abowd's testimony is brief, in the absence of any contradictory evidence, it constitutes substantial evidence to support the Board's finding. We have considered KEYnetik's other arguments and find them unpersuasive.

**AFFIRMED**

COSTS

No costs.